IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL MOONEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1108-O |
| | § | |
| FREDDY GARRIDO, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner Joseph Michael Mooney ("Mooney"), a federal prisoner at FMC-Fort Worth. Pet. 1-12, ECF No. 3. The Respondent filed a response, the Court allowed Mooney to file a supplemental petition, and the Respondent filed a supplemental response. ECF Nos. 12, 17, and 20. After having considered the pleadings, applicable law and relief sought by Mooney, the Court **DISMISSES** Mooney's petition, as supplemented, for lack of jurisdiction.[1]

I.  **BACKGROUND**

Mooney was charged in a two-count indictment for interstate enticement of a minor to

---

[1] Pending is Mooney's motion for entry of default, based upon the Respondent's failure to initially respond to his supplemental § 2241 petition. ECF No. 19. But although the Court had provided time to respond, it did not initially order a supplemental response. ECF No. 16. The Court later did so, and a supplemental response was then filed only four days after it was ordered. ECF Nos.18 and 20. As such, the motion for entry of default (ECF No. 19) is **DENIED**. *See generally Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) ("default judgments are disfavored in habeas corpus cases"); *McGee v. Cockrell*, No. 3:00-CV-2263-H, 2001 WL 1631518, at *3 (N.D. Tex. Dec, 14, 2001) (denying petitioner's request for default based on untimely answer filed by respondent, where untimely filing did not prejudice

1

Engage in sexual activity and aggravated sexual abuse with a minor. 18 U.S.C. §§ 2422(b), 2241(c) in the Northern District of Georgia. App. 4, ECF No. 13. Mooney was convicted following a three-day trial that began on July 19, 2007, of both counts in the indictment. *Id*. at 5. On December 20, 2007, the court sentenced Mooney to prison for 120 months on Count One and 360 months on Count Two, to be served concurrently, for a total sentence of 360 months, with a life term of supervised release. *Id*. at 5-6. The prison sentences were the minimum statutory penalties authorized by 18 U.S.C. § 2422(b) and 2241(c). *Id.* On December 16, 2008, the Eleventh Circuit affirmed Mooney's conviction and sentence. *United States v. Mooney*, 303 F. App'x 737, 743 (11th Cir. 2008). On October 5, 2009, the United States Supreme Court denied Mooney's petition for a writ of certiorari. *Mooney v. United States*, 585 U.S. 908 (2009).

Thereafter, Mooney filed a motion for relief under 28 U.S.C. § 2255. The motion was denied. App. 20-23, ECF No. 13. Mooney also filed a Writ of Error Audita Querela that was denied. App. 25-26, ECF No. 13. Mooney has filed multiple motions for reconsideration all of which have been denied.

## II.   ANALYSIS

A petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion is the proper means of attacking errors that occurred at or before sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). By contrast, a § 2241 petition is available for attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody). *See Tolliver v. Dobre*, petitioner).

2

211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition that challenges the validity of a federal conviction and sentence, therefore, generally must either be dismissed of construed as a § 2255 motion.

Notwithstanding this general rule, a "saving clause" within § 2255(e) permits the use of a § 2241 petition to challenge the validity of a sentence in certain limited circumstances. That provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a § 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under a § 2255 motion is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the section 2255 remedy is inadequate or ineffective so as to trigger the savings clause).

The bar against filing successive § 2255 motions does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*, 211 F.3d at 878. Nor does the fact that a petitioner who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Loredo v. Joslin*, No. 3:04-CV-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004), *rep. and rec. adopted*, 2004 WL 2600502 (N.D. Tex. Nov, 12, 2004). Instead, the Fifth Circuit previously held that the savings clause of § 2255(e) applies to a claim only if:

(1)the [§ 2241] petition raises a claim "that is based on a retroactively applicable

Supreme Court decision";

(2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and

(3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001))).

Mooney has filed a Supplemental Petition relying on the recent Supreme Court decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), as a basis for relief under the savings clause provision of § 2255. Suppl. Pet. 1-18, ECF No. 17. The Respondent has filed a supplemental response addressing *Jones v. Hendrix.* Suppl. Resp. 1-5, ECF No. 20. The impact of *Jones* will be addressed *infra*.

When a petitioner cannot satisfy the savings clause, the proper disposition is a dismissal of the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

  A.  **Mooney's "Savings Clause" Claim fails under prior Fifth Circuit Precedent**

Although the applicable law has changed as discussed *infra*, the Court will first explain why Money's arguments to meet the Fifth Circuit's prior "savings clause" test fail. First, Mooney's claim is not based on a retroactively applicable Supreme Court decision. Mooney asserts that the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 581 U.S. 385(2017), requires a finding of actual innocence. Mooney's reliance on *Esquivel-Quintana* is misplaced. In

4

*Esquivel-Quintana*, the Supreme Court considered whether an alien's prior statutory rape conviction qualified as "sexual abuse of a minor" under the aggravated felony provisions of 8 U.S.C. § 1101(a)(43), thereby making him removable under the Immigration and Nationality Act ("INA"). *Esquivel-Quintana*, 581 U.S. at 387-88. Because the INA does not define "sexual abuse of a minor," the Court employed "normal tools of statutory interpretation." *Id.* at 391. In so doing, it determined that "[t]he structure of the INA, a related federal statute, and evidence from state criminal codes confirm that, for a statutory rape offense to qualify as sexual abuse of a minor under the INA based solely on the age of the participants, the victim must be younger than 16." *Id*. at 393. The Supreme Court therefore concluded that, because the California statute at issue allowed conviction for sexual intercourse with a person under eighteen, the statute categorically failed to qualify as "sexual abuse of a minor" under the INA. *Id.* at 388.

*Esquivel-Quintana* does not change the definition of minor for purposes of Mooney's offense of conviction, as he suggests. As discussed above, *Esquivel-Quintana* determined the proper definition of "sexual abuse of a minor" as that term is used in the INA, 8 U.S.C. § 1101(a)(43)(A). In that specific context—in which the statute provides no definition of "minor"—the Supreme Court reasoned that "minor" means a "victim younger than 16." *Esquivel-Quintana*, 581 U.S. at 393.

In this instance, Mooney is not challenging the age of the minor but instead he is challenging whether there was evidence of aggravated sexual abuse. Thus, the Supreme Court's determination in *Esquivel-Quintana* that "sexual abuse of minor" must mean a person under 16 does not have support Mooney's assertion that he is actually innocent, and nothing in *Esquivel-Quintana* purports to show Mooney is actually innocent. *See also United States v. Alcantar*, 733

F.3d 143, 145-46 (5th Cir. 2013) (explaining that any allegedly intervening change in law based on a Supreme Court decision must be unequivocal—more than merely illuminating or a hint of how the Court may rule in the future). Accordingly, Mooney did not satisfy the first prong of the previously applicable Fifth Circuit test to proceed under § 2241.

Second, Mooney has not met his burden to show that a remedy through a § 2255 motion is inadequate or ineffective. The arguments Mooney makes are the exact same arguments he presented in his original § 2255 motion. Those arguments were addressed and denied. Mooney appealed and he sought a certificate of appealability twice, and it was denied both times. Simply because his prior § 2255 motion was unsuccessful does not show that the remedy under a § 2255 motion was "inadequate or ineffective" within the meaning of the savings clause. *Pack*, 218 F.3d at 453. "[M]erely failing to succeed in a § 2255 motion does not establish the inadequacy or ineffectiveness of the § 2255 remedy." *Id*.

Third, Mooney cannot show that he may have been convicted of a nonexistent offense. Mooney relied on *Esquivel-Quintana* to establish that he was convicted of a nonexistent offense. As analyzed above, however, *Esquivel-Quintana* does not make 18 U.S.C. § 2241(c) a nonexistent offense as applied to Mooney.

For all of these reasons, Mooney failed to adequately invoke the savings clause to proceed with a § 2241 petition under prior law.

**B.     Application of *Jones v. Hendrix* to Reject Mooney's Savings Clause Claims**

In the *Jones* case, the Supreme Court noted that many circuits "[w]ith minor differences in reasoning and wording . . . held that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive

6

restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." See *Jones*, 599 U.S. at 477 (citing decisions from numerous circuits including *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), as an example of such case law). The Supreme Court disapproved of these other approaches and instead crafted a more narrow reading of when a savings clause attack on a conviction or sentence is allowed. *See Id.* ("We now hold that the savings clause does not authorize such an end-run around AEDPA.")

In *Jones*, the Supreme Court recognized that § 2255(h) requirements for a "second or successive" § 2255 motion narrowly apply to only those that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense: or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones*, 599 U.S. 476.

The Supreme Court further explained that as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." *Id*. at 480.

Mooney asserts that he may bring a § 2241 petition because, in his view, he is actually innocent. But Mooney fails to show, in either his original or his supplemental petition, that the § 2255 savings clause allows him to now challenge his conviction through a § 2241 petition.

7

The savings clause in § 2255(e) authorizes a district court to exercise jurisdiction to entertain a § 2241 petition challenging a federal sentence only if the district court first concludes that a § 2255 motion is inadequate to challenge the prisoner's detention. 28 U.S.C. § 2255(e). But the *Jones v. Hendrix* decision clarified that a § 2255 motion is deemed adequate unless the § 2241 petitioner relies on either newly discovered evidence or a new rule of constitutional law. *Jones*, 143 S. Ct. at 469.

Mooney's attempt to proceed under § 2241 fails at the threshold because Mooney does not present newly discovered evidence that he is actually innocent. Mooney fails to show actual innocence in his supplemental or original petition. In his supplemental petition, Mooney argues that the government did not use the proper charging language in the indictment or the correct jury instructions at trial—however he presents no new evidence establishing such. Additionally, Mooney fails to identify any new rule of constitutional law retroactively applicable to his case. Mooney instead makes only a cursory assertion that he is actually innocent because, in his view, he did not meet the elements of the crime. For these reasons, he has not shown he is entitlement to proceed through a § 2241 petition.

The *Jones v. Hendrix* decision confirms that Mooney's § 2241 petition must be dismissed for failing to satisfy the savings clause. The petitioner in *Jones* had been convicted under 18 U.S.C. § 922(g)(1) and was relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in an attempt to obtain post-conviction relief through a 2241 petition. *Jones*, 599 U.S. Ct. at 470. As noted above, in abrogating the case law of many circuits (including the Fifth Circuit) about what circumstances will allow a petitioner to proceed under the savings clause, the Supreme Court explained that § 2255 specifies the only two limited conditions under which a federal prisoner

8

may bring a second or successive collateral attack on his sentence, and that an argument that an intervening decision of statutory interpretation (like *Rehaif*) is insufficient to allow recourse to the savings clause. *See Id.* at 470, 479. The Supreme Court therefore rejected the petitioner's attempted use of the savings clause to bring a *Rehaif*-based challenge to his § 922(g)(1) conviction through a § 2241 petition.

In sum, Mooney fails to demonstrate any entitlement to relief and fails to show that a § 2255 remedy was "inadequate or ineffective" within the meaning of applicable precedent so as to allow his claim to proceed with a § 2241 petition under the savings clause. Mooney's claim must fail as it is not based on newly discovered evidence or a new rule of constitutional law. *See Jones*, 599 U.S. at 470.[2]

Thus, Mooney's § 2241 petition must be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

---

[2] The Court notes that Mooney also asserts a claim for ineffective assistance of counsel because his attorney did not move to dismiss the indictment. Pet. 5, ECF No. 3. This claim, like his others, does not satisfy the savings clause. The claim fails to meet the more narrow standards for saving clause relief enunciated in the *Jones* decision. Moreover, such ineffective assistance claim could have been raised on direct appeal or in a § 2255 motion, which it was, and Mooney also does not show that circuit precedent foreclosed him from raising an ineffective assistance claim. *See, e.g., Ball v. Conner*, 2003 WL 22971285, at *1 (5th Cir. Dec. 10, 2003) (determining that ineffective assistance claim failed to satisfy the requirements of the savings clause). Accordingly, Mooney's ineffective assistance claim does not

### III.     CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Joseph Michael Mooney's petition for relief under 28 U.S.C. § 2241, as supplemented, is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **2nd** day of **October, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

come within the savings clause.